UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BEON TURNER,                                              **COMPLAINT**

                                                          **16 cv 6949**
                                                          **ECF Case**
                    Plaintiff,
         vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
BRIAN TREUHAFT and JOHN DOE,                              **JURY TRIAL DEMANDED**
in their individual and official capacities,

                    Defendants.
----------------------------------------------------------x

Plaintiff Beon Turner, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the arrest and prosecution of Beon Turner ("Plaintiff") on the false and fabricated grounds that he assaulted his sister. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for false arrest, malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

1

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Beon Turner is 18-years-old, a student with no criminal record, and a resident of New York City.

7. The individually named defendants Police Officer Brian Treuhaft (Shield # 30390) ("PO Treuhaft") and Police Officer John Doe ("PO John Doe") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the 32nd Precinct.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident, being assigned Claim # 2015NY026348. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. The City of New York demanded a hearing pursuant to General Municipal Law § 50-h, which hearing was held on December 15, 2015.

13. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

14. On Monday, April 27, 2015, after finishing his day at high school, Plaintiff went to a friend's apartment to hang out.

15. Plaintiff remained in his friend's apartment until the evening, then he went home to his own apartment at 203 West 145th Street (the "Apartment") in upper Manhattan, New York City.

16. At the time, Plaintiff lived in his Apartment with his mother, Zenola Turner ("Ms. Turner"); his older sister, Zabiana Haynes ("Ms. Haynes"); and his young niece.

17. Not long after Plaintiff got to his Apartment, his sister Ms. Haynes came into the Apartment.

18. Ms. Haynes had a deep-seated aversion toward Plaintiff and displayed great hostility toward him because she felt threatened by Plaintiff's close bond with their mother, Ms. Turner.

19. After Ms. Haynes came to the Apartment, she began harassing Plaintiff, teasing him and picking on him, verbally attacking him for no reason.

20. Wanting to be left alone, Plaintiff asked Ms. Haynes to leave him alone, but she persisted with her attacks, feeling particularly hateful and resentful toward Plaintiff this evening.

21. Not being left alone, Plaintiff finally told Ms. Haynes, "Leave me the fuck alone, bitch."

22. Hearing these words, Ms. Haynes began hitting and grabbing Plaintiff, screaming at him hysterically.

23. Plaintiff tried blocking Ms. Haynes' blows, tried getting away from her, tried to get her hands off of him – all without raising a hand to her, without threatening her, without doing anything unlawful.

4

24. Hearing the commotion in the Apartment, Ms. Turner came to intervene, pulling Ms. Haynes off of Plaintiff, and telling Plaintiff to leave the Apartment so that the tension could subside.

25. Plaintiff listened to his mother and left the Apartment, taking only his cell phone, but Ms. Haynes pursued him and continued to physically attack him.

26. Plaintiff tried to free himself from Ms. Haynes' grasp, but she latched onto him aggressively and continued to strike him.

27. As Plaintiff tried to extricate himself from Ms. Haynes, he in no way hit her; he was simply trying to remove her clutching hands from his body.

28. Ms. Haynes continued to grab onto and strike Plaintiff outside the Apartment building.

29. One of Ms. Haynes' blows landed straight into Plaintiff's nose, causing it to bleed and douse blood all over his shirt.

30. Seeing Ms. Haynes pursue and attack Plaintiff out into the street, Ms. Turner left the Apartment.

31. Seeing Ms. Haynes continue to aggressively attack Plaintiff, Ms. Turner grabbed and pulled Ms. Haynes off of Plaintiff, allowing Plaintiff to finally get away from his sister.

32. Freed from his sister, Plaintiff ran down the block and went back to his friend's apartment where he had been earlier that day.

33. Trying to get Plaintiff in trouble, Ms. Haynes called the police and lied, saying that Plaintiff punched and pushed and injured her.

34. In response to Ms. Haynes' 911 call, two NYPD officers showed up to the Apartment – PO Treuhaft and PO Doe.

35. Ms. Haynes told the officers a story so ridiculous and absurd, in an unhinged, illogical, and inconsistent manner, that it was clear that she was emotionally unstable and also had severe anger problems and major psychological issues regarding Plaintiff.

36. It was apparent to the individual defendants that Ms. Haynes was motivated not by the truth but by a primal desire to hurt her brother by getting him arrested.

37. Displaying no signs of injury, Ms. Haynes clearly and transparently fabricated the story that Plaintiff violently assaulted her, punched her in the face with a closed fist, smashed her against a fence, dragged her by the hair, pushed her to the ground, and threw away her phone.

38. PO Treuhaft and PO Doe exercised no critical scrutiny with this story, failing to ask the most basic follow up questions, such as: "Where on your face did your brother punch you?  Did he hit you hard?  How big is he?  Why don't you have any marks there?"

39. The officers did not ask Ms. Haynes to sign any statement concerning her accusations, and at no point did she ever sign a statement concerning her obvious and blatant fabrications.

40. Moreover, even though Ms. Turner was present in the Apartment, the officers failed to speak to Ms. Turner and ask her a single question to verify the truth of Ms. Haynes' story.

6

41. Instead, the officers recklessly took Ms. Haynes' story at face value and informed Ms. Turner that Plaintiff had to be arrested and needed to surrender himself to the 32nd Precinct (the "Precinct").

42. Accordingly, the next day, around noon, accompanied by his mother, still wearing his bloodied shirt, Plaintiff voluntarily surrendered himself to the Precinct.

43. At the Precinct, as ordered by the individual defendants, Plaintiff was arrested, handcuffed, booked and processed, fingerprinted and photographed, searched and detained in a holding cell.

44. At the Precinct, Plaintiff made it clear that he was the victim of his sister's assault, but the officers there would not allow him to press charges against her because "she already pressed charges" against him.

45. Plaintiff expressed that it was not fair that he, the victim, was getting in trouble while his sister, the aggressor who assaulted him, was not in any trouble.

46. In response to this expression, the officer booking Plaintiff said that they had "no choice" but to arrest him.

47. Plaintiff was later transported to Central Booking in lower Manhattan, 100 Centre Street, where he was arraigned on Docket Number 2015NY026728, charged with various misdemeanor offenses, including assault and criminal mischief.

48. The Criminal Court Complaint was based on the patently absurd and obviously mendacious allegations of Ms. Haynes.

49. The Judge at Plaintiff's arraignment released him on his own recognizance but ordered Plaintiff to return to Criminal Court and issued an order of protection against Plaintiff in favor of Ms. Haynes.

50. Plaintiff was ordered to attend Criminal Court on two occasions, requiring him to miss school each time.

51. On July 30, 2015, the prosecution was dismissed pursuant to speedy trial provisions, because the Manhattan District Attorney's office could not obtain the supporting deposition of Ms. Haynes within the requisite 90-day period.

52. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious, reckless, and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

53. Proportionate and appropriate discipline sends a message to NYPD officers that they are not above the law and are accountable to the people whom they serve. But when it comes to making or presenting false statements on court documents, NYPD officers almost never face discipline.

54. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

55. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

      a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

      b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

58. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

59. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment of the United States Constitution.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

61. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

62. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

63. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Malicious Prosecution Under Section 1983

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

66. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

67. Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Failure to Intervene Under Section 1983

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

71. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

72. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

73. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

74. By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest and malicious prosecution through its failure to train, supervise, and discipline mendacious, reckless, and malicious officers.

75. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

### False Imprisonment under N.Y. State Law

76. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

77. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under N.Y. State Law

79. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

80. As detailed above, the individual defendants intentionally and with actual malice initiated a felony prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Unreasonable Search and Seizure Under New York State Constitution Art. I § 12

82. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

83. Article 1, Section 12, of the New York State Constitution declares the right to be free from unreasonable searches and seizures.

84. Without probable cause and without Plaintiff's consent, the individual defendants arrested Plaintiff, searched his person, confined him, and initiated false charges against him.

85. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

86.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

87.     Defendant City owed a duty of care to Plaintiff to prevent the false arrest, malicious prosecution, and mental and emotional abuse sustained by Plaintiff.

88.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

89.     Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

90.     Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

91.     As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

**Respondeat Superior Under N.Y. State Law**

92.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

93.     Defendant City is the employer of the individual defendants.

94.     Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment and malicious prosecution committed by the individual defendants against Plaintiff.

95. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Beon Turner in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.    Such other and further relief as this Court may deem appropriate.

DATED:  September 5, 2016  _____s/_____
              New York, New York  CYRUS JOUBIN, ESQ.
              43 West 43rd Street, Suite 119
              New York, NY 10036
              (703) 851-2467
              joubinlaw@gmail.com
              Attorney for Beon Turner